UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMY TIPTON, on Behalf of Herself and on Behalf of All Others Similarly Situated, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | CIVIL ACTION NO. : 4:19-cv-1003 |
| | | JURY TRIAL DEMANDED |
| 3B INSPECTION, LLC, | | |
| Defendant. | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
<u>**COLLECTIVE ACTION, CLASS ACTION & JURY DEMAND**</u>

1. Defendant 3B Inspection, LLC ("Defendant") required Amy Tipton ("Plaintiff") to work more than forty hours in a workweek without overtime compensation. Defendant misclassified Plaintiff and other similarly situated workers throughout the United States as exempt from overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of herself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the FLSA collective action are referred to as the "FLSA Class Members."

3. Plaintiff worked for Defendants in New Mexico. Just as the non-payment of overtime violates federal law, so too does it violate New Mexico state law. Accordingly, Plaintiff also brings claims arising under New Mexico Minimum Wage Act for Defendant's failure to pay

1

overtime. Plaintiff seeks to pursue these claims as a Rule 23 class action. Members of the Rule 23 class action are referred to as the "New Mexico Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because those claims arise from a common nucleus of operative fact with the federal claims, namely the failure to pay overtime to non-exempt employees.

5.      Venue is proper in this District because a Defendant's United States headquarters is in this District, because Defendant does a sizeable portion of its business in this District, and many of the wrongs herein alleged occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

6.      Plaintiff Amy Tipton is an individual residing in Stone County, Montana. Plaintiff's written consent to this action is attached hereto as Exhibit "A." Plaintiff performed work for Defendant within the last three years for which she did not receive the FLSA's required overtime.

7.      The FLSA Class Members are all current and former inspectors, and all employees in substantially similar positions, that worked at any time during the three-year period before the filing of this Complaint nationwide that were paid on a day rate.

8.      The New Mexico Class Members all current and former inspectors, and all employees in substantially similar positions, that worked at any time during the three-year period before the filing of this Complaint in New Mexico that were paid on a day rate.

9.  Defendant 3B Inspection, LLC. is a corporation organized under the laws of Texas. Defendant may be served process through its registered agent UNITED STATES CORPORATION AGENTS, INC. at 9900 SPECTRUM DRIVE AUSTIN, TX 78717.

## COVERAGE

10. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

11. Plaintiff, FLSA Class Members, and New Mexico Class Members are all employees of Defendant.

12. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

13. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

14. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

15. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

## FACTS

16. Defendant 3B Inspection, LLC provides inspection services to the oil and gas industries.

17. Specifically, Defendant provides inspection of full pipeline systems, and related entities, including process plants, pump and compressor stations, terminals, and tanks.  Defendant

provides inspection of gas gathering systems and related facilities, and of public utility distribution systems.

18. Plaintiff worked for Defendant as an inspector from approximately October of 2018 through January of 2019.

19. Defendant classified Plaintiff as an employee.

20. Defendant staffs inspectors to work in New Mexico.

21. Defendant operates throughout the country.

22. Defendant provided Plaintiff with an offer letter.

23. Defendant provides other inspectors with offer letters.

24. Plaintiff's job title while employed by Defendant was welding inspector.

25. As an inspector, Plaintiff was responsible for performing visual and non-destructive testing on pipelines and gas plants owned and operated by Defendant's customers.

26. For her labor, Defendant paid Plaintiff a day rate but did not pay her overtime for his hours in excess of forty per week.  In other words, Defendant misclassified Plaintiff as exempt.

27. Defendant paid plaintiff a day rate of $288.00.

28. Defendant never converted Plaintiff's day rate into a regular rate of pay for purposes of calculating overtime.

29. Defendant never calculated nor paid Plaintiff any overtime.

30. Plaintiff is a non-exempt employee.

31. Defendant paid dozens of other inspectors classified as employees throughout the United States on the same day rate compensation system as Plaintiff.

32. Plaintiff and other inspectors commonly work in excess of 12 hours each day.

33. Inspectors usually work five to six days each week, for a schedule that equates into workweeks well exceeding 40 hours.

34. Defendant also compensated Plaintiff with additional day rate compensation which should have been included in the regular rate of pay.

35. However, despite working overtime hours, Defendant does not pay its inspectors overtime because it pays the same flat day rate regardless on the number of hours worked.

36. No exemption in the FLSA shelters Defendant from paying overtime to its inspectors.

37. Inspectors like Plaintiff are not guaranteed a set number of days to work per week.

38. Inspectors like Plaintiff are not guaranteed a set weekly payment.

39. Inspectors are paid on a day rate basis, not on a salary basis.

40. Plaintiff was paid on a day rate basis, not on a salary basis.

41. Plaintiff was not paid time-and-a-half for all hours worked over forty in a given workweek.

42. Plaintiff worked overtime as defined in the FLSA.

43. Other inspectors employed by Defendant worked overtime as defined in the FLSA.

44. Because Inspectors are on a day rate, the executive, administrative, or professional exemptions cannot apply. *See* 29 C.F.R. §§ 541.100, 541.200, 541.300.

45. Inspectors do not supervise other employees or manage a customarily recognized department of Defendant's company.

46. Inspectors have no authority to hire or fire other employees.

47. Inspectors are field employees, not office employees. They perform work related to Defendant's core business, not the management of the company's operations.

48. Inspectors also perform extensive physical labor to perform their inspection work.

49. The primary duty of an inspector does not require independent judgment or discretion. Instead, inspectors are required to carry out their inspections according to detailed step-by-step procedures promulgated by Defendant or Defendant's customers.

50. The FLSA's regulations even provide that inspection work is non-exempt work:

> Ordinary inspection work generally does not meet the duties requirements for the administrative exemption. Inspectors normally perform specialized work along standardized lines involving well-established techniques and procedures which may have been catalogued and described in manuals and other sources. Such inspectors rely on techniques and skills acquired by special training or experience. They have some leeway in the performance of their work but only within closely prescribed limits.

29 C.F.R. 541.203(g).

51. Inspectors are not computer-systems analysts, computer programmers, software engineers, or other similar employees.

52. Despite these facts, Defendant misclassified its inspectors as exempt from overtime pay.

53. As a result of Defendant's pay policies, Plaintiff and other inspectors were denied overtime pay.

54. Defendant knew or showed reckless disregard for whether Plaintiff and the other inspectors were entitled to overtime pay under the law.

### COUNT ONE: VIOLATION OF 29 U.S.C. § 207

55. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

56. Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

57.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant, Plaintiff, or the FLSA Class Members.

## COLLECTIVE ACTION ALLEGATIONS

58.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

59.     Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's misclassification of its employees.

60.     Plaintiff's knowledge is based on her personal work experience and through communications with other workers of Defendant. Plaintiff personally worked with other inspectors under the same compensation structure at multiple job sites for Defendant.

61.     Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States, but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

62.     Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

63.     Defendant misclassified and continues to misclassify FLSA Class Members as exempt employees.

64.     FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt by Defendant.

65. Plaintiff had the same job duties as other employees of Defendant who had the same job title as Plaintiff and worked for Defendant at any time during the three years prior to the filing of this lawsuit.

66. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

67. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees and/or the denial of overtime pay.

68. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of any FLSA Class Member.

69. Defendant employed at least 20 other inspectors within the last 3 years who were paid on a day rate.

70. Defendant employed at least 100 other inspectors within the last 3 years who were paid on a day rate.

71. Defendant employed at least 40 other employees with the same job title as Plaintiff who were not paid overtime.

72. Defendant employed at least 50 other employees with the same job title as Plaintiff who worked overtime for at least one week during their employment with Defendant and were not paid one and one-half times their regular rate of pay for all overtime hours worked.

73. The experiences of Plaintiff, with respect to her pay, hours, and duties are typical of the experiences of the FLSA Class Members.

74. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

75. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

76. Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

77. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and former inspectors, and all employees with substantially similar duties, who worked for Defendant at any time during the three-year period before the filing of this Complaint to present that were paid a day rate.

### COUNT TWO:  VIOLATION OF NEW MEXICO STATE LAW

78. Plaintiff and New Mexico Class Members incorporate all allegations contained in the foregoing paragraphs.

79. Defendant's practice of failing to pay overtime at one and one-half times Plaintiff's and the New Mexico Class Members' regular rates violates the New Mexico Minimum Age Act and its implementing regulations.

80. Under the Minimum Wage Act ("MWA"):

> An employee shall not be required to work more than forty hours in any week of seven days, unless the employee is paid one and one-half times the employee's regular hourly rate of pay for all hours worked in excess of forty hours.

81. Defendants violated the MWA by requiring that Plaintiff work hours in excess of forty in a week regularly throughout her employment without paying her one and one-half times her regular hourly rate for that time.  N.M. Stat. Ann. 50-4-22(D).

82. Plaintiff sues under N.M. Stat. Ann. 50-4-26(C), which authorizes a private cause of action for any violation of N.M. Stat. Ann. 50-4-22(D).

83. By law, Plaintiff is entitled to her unpaid or underpaid overtime plus interest and an additional amount equal to twice the amount of his unpaid or underpaid overtime. Plaintiff is also entitled to costs of this action and reasonable attorneys' fees.

## RULE 23 CLASS ACTION ALLEGATIONS

84. Plaintiff brings this action on her own behalf and as a representative party, pursuant to Fed. R. Civ. P. 23(b). Plaintiff seeks class certification of the New Mexico state law claims with a class definition as follows:

> All current and former inspectors, and all employees with substantially similar duties, who worked for Defendants in New Mexico and were paid a day rate at any time during the three-year period before the filing of this Complaint

85. Defendants' policy of failing to pay the amount of overtime dictated by New Mexico state law affects members of the New Mexico Class in a substantially similar manner. Plaintiff and the New Mexico Class Members have claims based on the same legal and remedial theories. Plaintiff and the New Mexico Class Members have claims based on the same facts. Therefore, Plaintiff's claims are typical of the New Mexico Class Members' claims.

86. Although Plaintiff does not know the precise number of the members of the proposed class, there are more than 40 members. Further, the identity of the members of the class is readily discernible from Defendant's records.

87. Plaintiff and the proposed class on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

88. There are questions of law and fact that are common to all members of the proposed class and those questions predominate over any question affecting only individual members of the class. Those common questions include, but are not limited to, the following:

    a. Whether Plaintiff and the other inspectors are exempt form overtime under New Mexico state law;

    b. Whether Defendant failed to pay Plaintiff and the other inspectors overtime;

    c. Whether Defendant's actions were willful; and

    d. The proper measure and calculation of damages.

89. Plaintiff's claims are typical of the claims of the classes because Plaintiff was not paid overtime wages in accordance with New Mexico law.

90. Plaintiff will fairly and adequately protect the interests of the proposed class in the prosecution of this action and in the administration of all matters relating to the claims stated herein. Plaintiff has no interests antagonistic to the members of the proposed class. Plaintiff is committed to the vigorous prosecution of this case as a class action and has retained counsel who are experienced in class action litigation in general and wage and hour litigation in particular.

91. The Class Action is a superior form to resolve the New Mexico state law claims because of the common nucleus of operative fact centered on the continued failure of Defendants to pay its employees according to the provisions of New Mexico state law because Defendants uniformly paid those employees on a straight time for overtime basis.

92. In this action, common issues will be the object of the majority of the efforts of the litigants and the Court. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. A class action will also thwart unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies. The injuries

suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the classes individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court

93. Plaintiff is entitled to order certifying this case as a class action.

## JURY DEMAND

94. Plaintiff and Class Members hereby demand trial by jury on all issues.

## PRAYER

95. For these reasons, Plaintiff prays for:

   a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all inspectors and all similarly situated employees to permit them to join this action by filing a written notice of consent;

   b. An order certifying this matter under Fed. R. Civ. P. 23 for the New Mexico Class Members;

   c. A judgment against Defendant awarding Plaintiff and the FLSA Class Members all their unpaid overtime compensation and liquidated damages;

   d. A judgment against Defendant awarding Plaintiff and New Mexico Class Members all of their unpaid or underpaid overtime pursuant to the New Mexico Minimum Wage Act;

   e. A judgment awarding Plaintiff and New Mexico Class Members twice their unpaid or underpaid overtime;

  f. Pre and post-judgment interest pursuant to New Mexico wage law;

  g. An order awarding attorneys' fees and costs;

  h. Such other and further relief as may be necessary and appropriate.

           Respectfully submitted,

           By: /s/ Beatriz Sosa-Morris
           Beatriz Sosa-Morris
           SOSA-MORRIS NEUMAN, PLLC
           BSosaMorris@smnlawfirm.com
           Texas State Bar No. 24076154
           5612 Chaucer Drive
           Houston, Texas 77005
           Telephone: (281) 885-8844
           Facsimile: (281) 885-8813

           LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS

OF COUNSEL:
John Neuman
JNeuman@smnlawfirm.com
State Bar No. 24083560
SOSA-MORRIS NEUMAN, PLLC
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813